# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DONALD L. VACENDAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-351 JVB |
| | ) | |
| LAKE COUNTY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Donald Vacendak, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 alleging that Lake County and the Lake County Clerk and his deputies violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

> defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), *cert. denied*, 550 U.S. 960 (2007). In this complaint, Vacendak asserts that Lake County Clerk Thomas Philpot and his deputies violated his federally protected rights by not entering a default against the defendants in *Vacendak v. City of Gary*, 45D01-0804-PL-00039, a civil action Vacendak filed in state court. (Complaint, statement of facts, ¶¶ 8-10, ¶ 22). Rather, Magistrate Judge John Sedia conducted a hearing and declined to grant Vacendak's request for an entry of default. (*Id.*, ¶ 10, ¶¶ 15-21).

This is the second § 1983 action filed by Vacendak dealing with events in *Vacendak v. City of Gary*, 45D01-0804-PL-00039. In *Vacendak v. Sedia*, 3:09-CV-326 , this plaintiff alleged that "Judge/Magistrate John M. Sedia, Failed to act in his Official Capacity as a

2

Judge/Magistrate of the Lake Superior Court, when in Fact a Request to Enter Default was Filed by the Plaintiff against the said Defendants." (3:09-CV-326, DE 1 at 5, ¶ 20). The complaint in 3:09-CV-326 listed "Thomas R. Philpot, Clerk of the Lake Superior Court" and his "designees" as non-parties. (*Id.* at 1, ¶ 3). That complaint was dismissed on August 5, 2009, pursuant to 42 U.S.C. § 1915A, the day the complaint in this case was file marked by the clerk's office.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006), *cert. denied* 549 U.S. 1281 *(2007)* (quotation marks and citations omitted).

Review of the complaint in 3:09-CV-326 establishes that it dealt with the same set of facts as the complaint in the instant case. Indeed, the first ten paragraphs, and some other paragraphs, of the two complaints' statements of facts are identical. These two complaints have an identity of the parties or their privies, an identity of the operative facts, and the final judgment in 3:09-CV-326 was on the merits. Accordingly, all of the elements necessary for the doctrine of *res judicata* are present. The plaintiff could have presented his claims against Lake County and the county clerk and his deputies in 3:09-CV-326 , and the doctrine of *res judicata* precludesVacendak from presenting claims in his instant complaint that could have been brought in 3:09-CV-326 .

Moreover, even if Vacendak's claim was not barred by the doctrine of *res judicata*, he would not be entitled to any relief. Vacendak alleges that the Lake County Clerk and his subordinates violated rights protected by the Constitution's Fifth and Fourteenth Amendments' due process clauses when they failed to enter a default in *Vacendak v. City of Gary*, 45D01-0804-PL-00039. The Fifth Amendment's due process clause, however, applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).

The Fourteenth Amendment's due process clause applies to state and municipal officials, but Vacendak's Fourteenth Amendment damage claim against the Lake County Clerk and his deputies is barred by the doctrine of quasi-judicial immunity. Non-judicial officials whose official duties are integrally related to the judicial process are entitled to absolute immunity for their quasi-judicial conduct. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986).

Non-judicial officials, including clerks of court, are entitled to absolute immunity for "duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court*, 150 Fed. Appx. 988, 990 (11th Cir.2005). "Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." *Id*. Here, Vacendak asserts that the clerk and his deputies did not enter a default against the defendants in *Vacendak v. City of Gary*, 45D01-0804-PL-00039 when he requested that they do so.

> The decision to enter a default judgment or not is the most judicial of actions the clerk could make. The Tenth Circuit has held a clerk's act was a judicial function in identical circumstances. *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002) (holding "[t]he entry of a default judgment [by a clerk] unquestionably constitutes a judicial act"). The Clerk essentially performed the same action as a judge when

4

> the judge decides to enter or not enter a default judgment. Therefore, the Clerk
> has absolute immunity for entering or not entering a default judgment.

*Jenkins v. Clerk of Court*, 150 Fed. Appx. at 990.

Because the clerk of the Lake Superior Court is entitled to quasi-judicial immunity, Vacendak is also not entitled to any relief from Lake County. But even if the doctrine of quasi-judicial immunity did not preclude an action against the Lake County Clerk, the county could not be held liable for damages in this case.

As the municipal entity employing the clerk and his deputies, Lake County could be a proper official capacity defendant in a § 1983 action. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But the doctrine of *respondeat superior* may not be used in a § 1983 action to hold a municipality responsible for all the acts of its employees; municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (Emphasis in original). "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Nothing in the plaintiff's complaint suggests that the Lake County Clerk's decision not to enter a default was the result of a policy or practice established or sanctioned by the Lake County Commissioners. Accordingly, the plaintiff has not stated an official capacity damage claim against Lake County.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 42 U.S.C. § 1915A.

SO ORDERED on September11, 2009.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Court
Hammond Division